Chief Judge Desmond (concurring).
I vote for reversal but not on the ground advanced by the majority opinion. The majority’s construction or application of “ where he has a place of business ” in article 28 of the Warsaw Convention deprives of all meaning the inseparable other words of that same phrase, to wit, the words “ through which the contract has been made ”. Such a major excision is unauthorized. However, I would construe other language in article 28 (“ the court * * * of his principal place of business ”) to mean that a passenger’s action against an air carrier,. while it must be brought within one of the countries whose governments were parties to the Convention, may be brought at the place in that country where the carrier has his ‘‘ principal place of business”. The phrase “principal place of business” does not necessarily describe the one place only in the world wherein is the major headquarters of the airline, since article 28 can as readily and reasonably be read to include also the air carrier’s “principal place of business ’ ’ in the particular country wherein the plaintiff chooses to sue the carrier. I agree with Judge Burke that article 28 should not be so construed that in many instances the passenger will be prevented from suing in the very country where he lives and bought his ticket and can serve process on an appropriate officer or agent of defendant at an office of defendant in that country. My reading will accomplish this without doing any violence to the treaty’s language. To make useful and effective the Convention’s grant to a passenger of the right to sue in any signatory country, the available places in such a country must not be so limited as to defeat the general intent of article 28.